## C. L. Height v. State.

### No. 1786.   Decided October 23, 1912.

### Rehearing denied November 20, 1912.

**1.—Theft—Bailment—Contract of Hiring—Piano.**

Where, upon trial of theft under bailment, the evidence showed that the owner of the alleged piano let defendant have the same for the use of his child, this constituted a bailment of hiring. Following Neel v. State, 33 Texas Crim. Rep., 408.

**2.—Value—Charge of Court—Harmless Error—Article 743 C. C. P.**

Where, upon trial of theft under bailment, it appeared from the evidence beyond controversy that the property alleged to have been stolen was worth more than $50, the failure of the court to submit this issue of value was harmless error, under Article 743, Code Criminal Procedure.

**3.—Same—Fraudulent Conversion.**

Where, upon trial of theft under bailment, the evidence was sufficient to show that defendant fraudulently converted the alleged property, etc., there was no error.

**4.—Same—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of theft of property under bailment, the evidence clearly showed that defendant, without the knowledge or consent of the owner removed the alleged property from the county of the prosecution to New Mexico under such circumstances as to show a fraudulent conversion, and the court submitted in his charge all the defensive theories of defendant, and properly charged the jury on the facts, there was no error in refusing certain requested charges which were either covered by the main charge or were not applicable to the facts.

**5.—Same—Newly Discovered Evidence.**

Where the alleged newly discovered evidence did not meet the requirements of the law to entitle defendant to a new trial on that account, there was no reversible error.

Appeal from the District Court of Deaf Smith.   Tried below before the Hon. D. B. Hill.

Appeal from a conviction of theft under bailment; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Barcus & North,* for appellant.—On the question of insufficient evidence of conversion: Cannon v. State, 42 S. W. Rep., 981; Senden v. State, 45 S. W. Rep., 725; Jones v. State, 49 S. W. Rep., 387; Berg v. State, 2 Texas Crim. Rep., 148.

On question that there was no contract of hiring: Harrison v. State, 42 Texas Crim. Rep., 509, and cases supra.

On question of non-conversion: Abbey v. State, 34 S. W. Rep., 930; Cannon v. State, supra.

On question of value: Schwartz v. State, 53 Texas Crim. Rep.. 449; 111 S. W. Rep., 399.

On question of newly discovered evidence: Lawrence v. State, 30 S. W. Rep., 668.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of theft as a bailee and his punishment fixed at two years in the penitentiary.

There were only two witnesses who testified—Fuqua, the complaining witness, and the appellant. Taking the testimony of both, it establishes a hiring of the piano by Fuqua to appellant. It shows that Fuqua had appellant to keep his, Fuqua's, piano stored in appellant's house for Fuqua's benefit, in consideration whereof he was to let appellant's little girl use it to practice upon at appellant's instance. Under the law and the decisions of this court this was a bailment of hiring. Neel v. State, 33 Texas Crim. Rep., 408. The indictment charged that appellant had possession of the piano, the property of Fuqua, by virtue of appellant's contract of hiring and borrowing. The court in his charge told the jury to consider alone the question of bailment by hire and not by borrowing. There was no error in the action of the court in this particular, as complained by appellant.

The indictment alleged the piano with which appellant was charged and convicted of stealing as bailee to be of the value of $225. Fuqua testified that the reasonable value of the piano when it was charged it was converted was from $200 to $250. On cross-examination by appellant he testified that the piano cost about $275 when new, and that Jones, the party from whom he, Fuqua, acquired it, and from whom appellant knew he acquired it, told him that he, Jones, paid that for it; that Jones got the piano from Orr, and Orr got it when he went into the show business and used it in the show business in Hereford; that two or three people had told him what this piano was worth, and that Mr. Maxwell, a piano man, told him and he took Maxwell as authority on the value of the piano. Appellant himself

testified, but he gave no testimony as to the value of the piano and offered no other evidence whatever on the subject. The testimony shows, further, that more than once while appellant held it for Fuqua he tried to buy it from Fuqua, but could not do so, because they could not agree. The court in his charge to the jury said nothing about the value of the piano; did not submit to them the question that they must believe that the piano was worth $50 or more. It would have been proper for the court to have done so. There seems to have been no question on the trial of the case that the piano was worth what Fuqua testified it was worth—not less than $200. No honest jury could for a moment, under this evidence, doubt that this piano was worth more than $50. Where such is the case, it was not reversible error in the court's inadvertently not submitting to the jury that they must believe that the piano was worth $50 or more. No injury could have, and none is shown to have, resulted to appellant by reason of the court not doing so. C. C. P., Art. 743 (723); Nelson v. State, 35 Texas Crim. Rep., 205; Holliday v. State, 35 Texas Crim. Rep., 133; Tracy v. State, 44 Texas, 9; Elizando v. State, 31 Texas Crim. Rep., 237; Pearce v. State, 35 Texas Crim. Rep., 150.

Another issue in the case was whether or not the evidence was sufficient to show that appellant fraudulently converted the piano to his own use with intent to deprive the owner of the value thereof, and if so whether such conversion occurred in Deaf Smith County or in New Mexico, to which latter State he removed it without the knowledge or consent of the owner, Fuqua.

The evidence clearly shows that Fuqua acquired the piano from Jones and that it was then in a certain residence in Hereford, where Jones had lived; that immediately after Fuqua acquired it, Jones was a fugitive from justice, but the cause is not stated. Appellant knew all this. He at once rented the house where this piano was left by Jones. As soon as he rented the house, Fuqua and he made the contract of hiring the piano, as stated above. A few months later appellant moved out of this house into another in Hereford and moved the piano with his other household goods. Very soon afterwards he told Fuqua of it and Fuqua consented thereto. Very soon after this, without the knowledge or consent of Fuqua, appellant moved the piano from this last house somewhere into New Mexico. He lived in a few blocks of where Fuqua lived and within a block or two of the bank where Fuqua stayed, and passed this bank on the very day that he moved the piano, but said nothing to Fuqua about it. As soon as Fuqua learned that he had moved the piano into New Mexico, he wrote demanding its return. Appellant did not answer this demand. Fuqua then had another to write for him to the same effect, but appellant did not reply. Appellent claimed, however, in his testimony that one Clancey, who was his partner, and who boarded at his house during all the time that he had pos-

session of this piano at the two places in Hereford and since then for some time in New Mexico, had hired him to move this piano from this last place in Hereford to New Mexico and paid him $10 therefor. That this party Clancey claimed that he had some sort of claim or right to this piano by some trade or purchase from Jones, but he told Fuqua nothing of this. He claimed that he turned the letters of Fuqua demanding the return of the piano, over to Clancey and that Clancey promised to answer them. There is no evidence that he did so. We have gone over the statement of facts thoroughly, and in our opinion the evidence was amply sufficient for the jury to believe that appellant fraudulently converted the piano to his own use with intent to deprive Fuqua of the value thereof, and that the conversion took place in Hereford, Deaf Smith County, at the time appellant moved the piano from Hereford into New Mexico, and not at any other time. All these questions were fully and fairly submitted to the jury under a clear and apt charge of the court in the most favorable light to appellant that the law or facts would authorize.

Among other issues submitted to the jury for their finding they were told before they could convict appellant they must believe from the evidence, beyond a reasonable doubt, that he fraudulently converted the piano to his own use and benefit in Deaf Smith County, Texas, with the fraudulent intent permanently to deprive the owner of the value of it, and if they had a reasonable doubt whether he did so convert said property in Deaf Smith County, to acquit him, even though they should believe he converted it after the same was removed from Deaf Smith County.

Again, in a separate paragraph, he told the jury that if they believe from the evidence that appellant believed the piano was the property of said Clancey, and that appellant in good faith removed it to, and held it in his possession in, New Mexico, as an employe of said Clancey, believing that Clancey had the right to the possession of it, that in so removing and holding it the defendant would not be guilty of the conversion thereof, and if they had a reasonable doubt as to whether defendant so believed and acted with reference to said piano in the removing and holding of it, they would acquit him.

None of appellant's complaints to the charge of the court in any way show any reversible error. Appellant requested several special charges. The only complaint in the motion for new trial,—there being no bill of exceptions to their refusal and no reasons stated in the charge itself why it should be given,—is that the court erred in refusing to give his special charge, numbering it. This is too general to require any consideration at our hands. However, we have looked over all the charges, and in our opinion the court should not have given any of them. Where they were at all applicable, they were fully and amply covered by the court's charge.

The case was tried on November 6, 1911. Within two days appellant filed his motion for new trial. On December 2, 1911, appellant

filed his supplemental motion for new trial. By the last ground of his original motion for new trial and his supplemental motion, he complains that the court erred in not granting him a new trial to procure the testimony of said Clancey and to this he attaches his own, said Clancey's affidavit, and that of one of his attorneys who represented him in the trial of the case. These affidavits attempt to account for appellant not procuring Clancey and having him testify on his, appellant's, trial, and claim that Clancey's testimony would corroborate him in his claim to the piano and hiring him to remove it from Hereford to New Mexico, and further that before he moved this piano from Hereford to New Mexico he consulted with his said attorney and the attorney advised him in substance that he would not violate the law in removing the piano under the circumstances. The attorney states that he had forgotten and did not recall this on the trial of the case. · He in no way shows any reason why he did not testify to this and have his attorney to testify to it on the trial. That Clancey was in Lubbock, Texas, from June 4th to June 18th, and he saw Clancey and knew he was there; that he, appellant, was arrested at Lubbock on June 17th; that when he asked Clancey to appear as a witness for him on his trial, Clancey told him to go to hell. That he did not have Clancey subpoenaed, did not know he could do so; that before the trial he told the attorneys about Clancey and that they had no subpoena issued for him. Clearly, none of this shows any newly discovered evidence by appellant and in no way meets the requirements of the law to entitle him to a new trial on that account. The court did not err in refusing, on this or any other ground shown by this record, appellant a new trial.

We have not taken up the questions seriatim attempted to be raised by appellant, but we have considered them all and have discussed above the material ones raised by him. The record showing no reversible error, the judgment will be affirmed.        *Affirmed.*

[Rehearing denied November 20, 1912.—Reporter.]