JOHN DEISHER v. THE STATE.

No. 4308.   Decided December 13, 1916.

1.—Rape—Sufficiency of the Evidence.

Where, upon trial of rape upon a female under the age of consent, the evidence sustained the conviction, there was no reversible error.

2.—Same—Evidence—Suppressing Testimony.

Where, upon trial of rape upon a female under the age of consent, two important State's witnesses testified against the defendant, and it appeared that the defendant knew that they would do so, there was no error in admitting testimony to show that the defendant had been trying to prevent them from testifying against him and to thereby suppress their testimony or prevent them from testifying to the truth against him.

3.—Same—Evidence—Bias in Favor of Defendant—Witness.

Where, upon trial of rape, a witness had testified in behalf of the defendant, there was no error to permit the State, on cross-examination, to show that

the witness was a good friend of the defendant; that he was doing what he could to help him and was surety on his several bonds, etc. Following Magruder v. State, 35 Texas Crim. Rep., 214.

### 4.—Same—Evidence—Character of Witness.

Upon trial of rape, there was no error to permit the State, on cross-examination of the defendant's witness, to ask him whether he had ever been indicted, to which the witness answered that he had a fair record, etc. Following Harding v. State, 49 Texas Crim. Rep., 601, and other cases.

### 5.—Same—Evidence—Age of Injured Female.

Where upon trial of rape upon a female under the age of consent, there was no dispute of the fact that the assaulted girl at the time of the assault was just past thirteen years of age, the admission of testimony with reference to a torn leaf from the Bible was immaterial, and presented no reversible error. Following Haywood v. State, 61 Texas Crim. Rep., 92, and other cases; besides, the bill of exceptions was defective.

### 6.—Same—Evidence—Rebuttal Testimony.

Where, upon trial of rape upon a female under the age of consent, the assaulted girl testified positively to the act of sexual intercourse with defendant, but admitted on cross-examination that just after the act of intercourse she had several times denied the same, there was no error in permitting said female to testify that her sister had talked with her and tried to get her not to tell anything on the defendant; it appearing that defendant had attempted to induce all the State's witnesses to testify in his behalf and not against him.

### 7.—Same—Argument of Counsel.

Where, upon trial of rape, it appeared on appeal that the argument of the district attorney was partly in response to that of defendant's counsel, and that the rest of it was entirely proper, there was no error, in the absence of a requested charge, not to consider the same. Following Mooney v. State, 76 Texas Crim. Rep., 339, 176 S. W. Rep., 52, and other cases.

### 8.—Same—Jury and Jury Law—Challenge for Cause.

In the absence of a bill of exceptions showing that defendant had exhausted his challenges, that the jurors to whom he objected sat on his case, or that an improper juror was forced upon him, there was no reversible error; however, it appeared from the record that said jurors were qualified and competent.

Appeal from the District Court of Erath. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of rape upon a female under the age of consent; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Chandler & Chandler* and *P. L. Pitman,* for appellant.—On question of moral turpitude of witness Hubbard: Bowers v. State, 71 S. W. Rep., 284; Wesley v. State, 85 id., 802; Dyer v. State, 77 id., 456; Ware v. State, 49 Texas Crim. Rep., 413; Winn v. State, 54 Texas Crim. Rep., 538; Bogus v. State, 55 id., 126; Hanks v. State, 55 id., 451; Gardner v. State, 55 id., 400; Brown v. State, 56 id., 389; White v. State 57 id., 196; Justiss v. State 57 id., 218.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of age of prosecutrix: Sinclair v. State, 45 Texas Crim. Rep., 487.

On question of argument of counsel:  Edwards v. State, 75 Texas Crim. Rep., 647.

On question of challenge for cause:  Giles v. State, 66 Texas Crim. Rep., 638.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of the offense of rape upon a girl less than thirteen years and one month of age, and his punishment assessed at the lowest prescribed by law.

The evidence was amply sufficient to sustain the conviction.  Appellant in no way by his assignments or brief contends otherwise.

Will Strong and Jim Head were important State's witnesses against appellant, and he knew it.  The State had the right, therefore, to prove by Mr. Bennett, the father of the assaulted girl, that appellant in discussing with him said witnesses in connection with his case, or their testimony in his case, said that he was going to whip them.  The effect of his threat would at least tend to show that he was trying to prevent them from testifying against him and thereby suppress their testimony, or prevent them testifying the truth against him.  This would be a circumstance against him.  The court, therefore, did not err in admitting said testimony which is complained of by two of appellant's bills.

The interest, animus, bias or prejudice or any witness, whether for the State or the defendant, can always be shown.  The court did not err in requiring Mr. Poe, a material witness in his behalf, to testify on cross-examination that he was a good friend of the defendant, liked him and was doing what he could to help him; that he was a surety on his several bonds in this matter, and that he had also signed appellant's note to raise money to hire his lawyers to defend him in this cause.  (Magruder v. State, 35 Texas Crim. Rep. 214· 1 Branch's Ann. P. C., pp. 93-94.)

It was not error to permit the State to ask the witness Hubbard on cross-examination if he had ever been indicted.  (See 6 Michie's Crim. Digest, p. 705, for cases.)  Especially in view of his answer as follows: "I think I have a good record.  I have been here seven years, and I have not had a bit of trouble.  I don't think that a fair question." Harding v. State, 49 Texas Crim. Rep., 601; Hart v. State, 57 Texas Crim. Rep., 21; Warthan v. State, 41 Texas Crim. Rep., 385; Baker v. State, 45 Texas Crim. Rep., 392; Wofford v. State, 60 Texas Crim. Rep., 624.  It is needless to cite the many other cases to the same effect.

As explained by the court, appellant's bill No. 5 as to his cross-examination of Mrs. Bennett, the assaulted girl's mother, shows no error.

Mrs. Bennett, the mother, Myrtle Bennett, her daughter, the assaulted girl, and Mr. Bennett, her father, all swore that she was just past thirteen years of age less than a month before the alleged assault was committed.  There was no testimony at all showing, or tending to show, that she was fifteen years of age, or older.  In other words, there was no dispute of the fact that the assaulted girl was just past thirteen

years of age. Hence, even if the torn leaf from the Bennetts' Bible, whether the original entry or a copy of it, was erroneously admitted in evidence over appellant's objection, it was immaterial, and its admission, even though erroneous, presents no reversible error. Haywood v. State, 61 Texas Crim. Rep., 92; Lott v. State, 66 Texas Crim. Rep., 152; Boyd v. State, 72 Texas Crim. Rep., 521; Hinkel v. State, 27 Texas Crim. App., 510; Holliday v. State, 35 Texas Crim. Rep., 133; Branch, id., 304; Tracey v. State, 44 Texas, 9; Height v. State, 68 Texas Crim. Rep., 278; Veale v. State, 8 Texas Crim. App., 474; Gaston v. State, 11 Texas Crim. App., 143. Besides this, the bill attempting to present the matter is wholly defective in that it does not disclose the date of the birth of said Myrtle nor her age in said purported Bible entry. And we can not tell therefrom what the date of her birth nor age was.

Myrtle Bennett, said assaulted girl, among other things, testified positively to the act of intercourse appellant had with her as alleged in the indictment. On his cross-examination of her, she admitted that at first, just after the act, and on more than one occasion, she had denied that he had had said act with her. The State's witness Head testified that after appellant had an examining trial and was bound over, he saw him with Leah Bennett, Myrtle's sister, at the depot in Alexander, and that appellant said to her that he wanted her to talk to Myrtle, and she replied: "We are talking to her all the time." The court, therefore, did not err in permitting Myrtle to testify that her sister Leah talked with her and tried to get her not to tell anything on appellant. It is clear from the record that appellant was doing all he could practically continuously from the time it first became known that he was charged with said assault to induce all of the Bennetts, Myrtle and her father and mother, to testify in his behalf and not against him. Under the circumstances said testimony of Myrtle complained of by him was properly admitted.

Appellant has three bills complaining of the argument of the prosecuting attorneys. In one, it is clearly shown that the argument of the district attorney was in response to, and brought about by, his attorney's argument. The other two instances complained of present no error. The district attorney had the right to make the argument complained of. Edwards v. State, 75 Texas Crim. Rep., 647, 172 S. W. Rep., 227, 230-231, and the many authorities there cited; Harding v. State, 49 Texas Crim. Rep., 604; Mooney v. State, 76 Texas Crim. Rep., 539, 176 S. W. Rep., 52, and cases there cited and rules established; Bass v. State, 16 Texas Crim. App., 62; Pierson v. State, 18 Texas Crim. App., 524; Tweedle v. State, 29 Texas Crim. App., 586; House v. State, 19 Texas Crim. App., 227, and a great many other cases. While appellant's bills show he objected to said arguments, he in no way requested the court to charge the jury not to consider them, even if they had been improper. Mooney v. State, 76 Texas Crim.

Rep., 539, 176 S. W. Rep., 52, and cases there cited. In no event do appellant's bills as to the said argument present any reversible error.

Appellant has three several bills claiming that the court committed an error in not sustaining his challenge to three jurors respectively. Each bill, however, as qualified by the court, shows that each of said jurors was a qualified and competent juror. Neither of appellant's bills shows that he had exhausted his challenges, and they all show that neither of these jurors sat upon the jury. Neither of his bills shows that any incompetent or improper juror was forced upon him. He merely complains generally that he took jurors to whom he would have objected if the court had sustained his objections. It is so well established that neither of appellant's bills presents any error that it is needless to cite the authorities. They are numerous and uniform to the effect that no error is presented by either of said bills.

The judgment is affirmed.

*Affirmed.*

HARPER, JUDGE, absent.