TONY BUSTER BAIMBRIDGE V. STATE

No. 33,737.   November 15, 1961

*Howard O. Lake,* Houston, for appellant.

*Frank Briscoe*, District Attorney, *Samuel H. Robertson, Jr.*, *I. D. McMaster*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

McDONALD, Judge.

The conviction is for driving while intoxicated; the punishment, thirty days in jail and a fine of $50.

It is undisputed that the appellant was driving an automobile upon a public highway at the time and place alleged.

Two officers testified that they saw the appellant immediately after he had stopped his automobile, smelled the odor of alcohol on his breath, heard him talk and saw him walk, and, based upon their observation of appellant's manner of driving, they expressed the opinion that he was intoxicated.

Testifying in his own behalf, the appellant denied that he was intoxicated but said that he had previously drunk four or five beers. He called two witnesses who corroborated his testimony of non-intoxication.

The jury resolved the issue of intoxication against the appellant, and the evidence sustains their verdict.

The appellant complains of the following testimony of Officer Mahoney:

"As I got through shaking him down and he was walking in the cell as I closed the door to his cell he said 'I will kill you for this.' "

The only objection to such testimony was as follows:

"Objection and ask the Court to declare a mistrial it being prejudicial and highly inflammatory and has no place in the record."

The objection was overruled and exception thereto reserved.

Officer Mahoney was one of the two arresting officers and he testified that he saw the appellant driving an automobile while intoxicated.

If we regard the statement of the appellant to Officer Mahoney as an effort on the part of appellant to prevent the officer from testifying against him or an effort to prevent the officer from testifying the truth against appellant, the statement would be admissible in evidence as proof that one charged with crime threatened or attempted to intimidate a witness against him. 23 Tex. Jur. 2d 195, Sec. 135; Richard v. State, 97 Tex. Cr. Rep. 448, 261 S.W. 587; Deisher v. State, 80 Tex. Cr. Rep. 428, 190 S.W. 729. We make the observation that the statement made was not in the nature of an oral confession.

The judgment is affirmed.