**John Cecil McKENZIE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38272.**

Court of Criminal Appeals of Texas.

May 19, 1965.

Keith Marks, Dallas, for appellant.

Henry Wade, Dist. Atty., Jim Miller, Neil English and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is possession of marijuana; the punishment, fifteen years.

Narcotic officers Taylor and Zapata testified that on the night in question they parked their unmarked police car which was equipped with a long antenna and proceeded toward a cafe. As they did so, appellant and a companion drove up, parked their automobile in a lighted parking lot near the cafe and proceeded toward its entrance. While facing the officers, they appeared to nudge each other and each man tossed a roll of tin foil under or near an air conditioner which protruded from the cafe window. The officers rushed to the tin foil rolls, examined the contents, and from their experience on the narcotic squad, concluded that it resembled marijuana, and they then apprehended the two men. Appellant's companion had not entered the cafe at the time of his capture, but appellant had and was in the back of the cafe.

The chain of custody was established, and by expert testimony it was shown that each package contained marijuana.

Appellant called Mrs. Bradford, the manager of the cafe, who testified that appellant had been in the cafe long enough to ask her for some change before the officers entered and arrested him. He also called Mr. Phillips who testified that appellant entered his barber shop while Walter Brown was in the barber chair, that appellant told Brown that he had returned his automobile and that after appellant left he heard a commotion and went to the door of his shop and observed that the officers had placed appellant under arrest. Brown corroborated Phillips testimony. Appellant, testifying in his own behalf, denied that he had thrown any object to the ground.

■ The jury resolved the conflict in the testimony against appellant, and we find the evidence sufficient to support the conviction.

Questions were propounded to appellant and his witness Bradford concerning a threat made by appellant's companion, with whom he was arrested on the night in question, toward Officer Taylor in the hall of the courthouse during the noon hour recess in appellant's presence. Appellant relies upon Rodriquez v. State, 170 Tex.Cr. R. 275, 340 S.W.2d 41, and Houghton v. State, 171 Tex.Cr.R. 91, 345 S.W.2d 535, which were reversed because of the admission of evidence relating to extraneous offenses not related to the charge then before the court. In these cases, there were timely objections whch were overruled. In the case at bar, objection was made to the questions propounded to the witness Bradford, and they were sustained. When the question was asked appellant, no objection was made.

■ The State relies upon Richard v. State, 97 Tex.Cr.R. 448, 261 S.W. 587. See also our recent opinion in Baimbridge v. State, 171 Tex.Cr.R. 395, 350 S.W.2d 923. Both cases are authority for the rule that any threat made by the accused toward the prosecuting witness is admissible. The questions in the case at bar were couched on the premise that both appellant and his companion at the time of arrest were present when the threat was made. The appellant and his witnesses denied that they heard any such threat; no proof was offered showing that such threat had been made, and appellant's counsel assured the court that he had been present "out there" in the hallway and that appellant "didn't hear it." From this we gather that some incident did occur in the hallway; therefore, the questions were not asked in bad faith and do not constitute reversible error.

■ The objection to the question asked Mrs. Bradford about "junkies" was promptly sustained, and the appellant asked for no further relief. No error is preserved. Matlock v. State, Tex.Cr.App., 373 S.W. 2d 237. It also appears that the word "junkies" was used on redirect examination of Officer Taylor, and no objection was made thereto.

We find no error in the questions propounded to the witness Brown because Officer Zapata testified without timely or proper objection to the finding of marijuana particles in the automobile which appellant testified he had just returned to Brown prior to his arrest.

Finding no reversible error, the judgment is affirmed.