Joe Ramon **RODRIGUEZ**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 57796.**

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 28, 1979.

Joe E. Anderson, San Antonio, court appointed, for appellant.

Bill M. White, Dist. Atty., Gordon V. Armstrong, James W. Blagg and H. Wayne Campbell, Asst. Dist. Attys., San Antonio, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

DOUGLAS, Judge.

Joe Ramon Rodriguez appeals from his conviction for murder. The court, after finding an alleged prior conviction "not true", assessed his punishment at twenty-

five years. The sufficiency of the evidence is not challenged.

Rodriguez contends that an extraneous offense was improperly admitted and that the prosecutor committed misconduct when he asked for the details of a prior conviction and elicited testimony of a remote prior conviction.

During the evening of August 27, 1975, appellant, Rogelio Guadelajara, Dolores Guadelajara and another individual were drinking. Dolores Guadelajara was shot to death by appellant. Appellant admitted his presence during the killing but testified that he did not participate and did not inform the authorities because of his past criminal record.

■ Appellant contends that evidence of an extraneous offense was improperly admitted. Rogelio Guadelajara testified that on March 14, 1976, he was leaving Tina's Lounge after finishing a pool game. Appellant approached him outside of Tina's. Rogelio Guadelajara testified, "That's when he (appellant) called me and stopped me and told me to drop the charges against him." Rogelio Guadelajara also was asked if he was afraid of appellant at that time. He responded, "Yes, yes." Appellant contends that this evidence shows an extraneous offense and does not fall within any of the exceptions which allow admission of an extraneous offense.

The general rule concerning admission of attempts by a party to suppress or fabricate evidence is stated in Corpus Juris Secundum:

"For the purpose of showing that his adversary * * * is guilty of the act charged * * * a party may prove that his adversary attempted to flee after the accident, and, in addition, he may show that his adversary attempted to avoid a complete and fair trial as, for example, by the fabrication or suppression of evidence, or by the intimidation or corruption of witnesses * * * or by other methods." 31A C.J.S. Evidence § 179 (1964).

In *Baimbridge v. State*, 171 Tex.Cr.R. 395, 350 S.W.2d 923 (1961), the defendant contended that his threat to kill an officer as he was placed in a jail cell should not have been introduced against him at a driving while intoxicated trial. We rejected this contention stating:

"If we regard the statement of the appellant to Officer Mahoney as an effort on the part of appellant to prevent the officer from testifying against him or an effort to prevent the officer from testifying the truth against appellant, the statement would be admissible in evidence as proof that one charged with crime threatened or attempted to intimidate a witness against him."

In the instant case, appellant stood accused of murder. He confronted one of the State's key witnesses, who was also the brother of the deceased, outside a bar at night. He told that witness to drop the charges against him. These are hardly the actions of an innocent accused. This evidence is every bit as probative of guilt, as would be flight by the accused. The evidence was properly admitted.

Complaint is next made that the prosecutor improperly sought to elicit the underlying details of one of appellant's prior convictions. During the cross-examination of appellant, the prosecutor asked him if he had been previously convicted of murder. Rodriguez responded affirmatively and the examination continued:

"Q. Did you kill that guy with a pistol?
"A. Yes, sir.
"Q. What kind of pistol was that?"

Appellant's objection was sustained and the jury was instructed to disregard the question.

Normally, the asking of a question which is not answered will not be grounds for reversal. In the instant case the jury had heard unobjected to testimony of the prior conviction for murder and that appellant used a pistol. The mere asking of a question concerning the type of pistol could hardly damage appellant further. The instruction for the jury to disregard the question was sufficient.

Rodriguez also argues that the court's instruction to disregard failed to cure the prejudice created when the prosecutor elicited testimony of a remote prior conviction. After the objections concerning the type of gun, the prosecutor continued his cross-examination:

"Q. Also in regard to your record, you have also been convicted of theft?
"A. That was in '57, '58 down there.
"Q. But you were convicted—
"MR. ROTHE: I'll object to that as being too remote."

The objection was sustained and the jury was instructed to disregard the testimony.

The objection was made after the harmful evidence was testified to. A timely objection would have prevented its admission. This failure to timely object constitutes a waiver. Also, in view of the murder conviction already used to impeach appellant, the attempted use of the theft conviction coupled with a proper instruction to disregard was harmless error.

There is no reversible error. The judgment is affirmed.