NO. 07-02-0304-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 25, 2003


______________________________



JOE A. NARVAIS, JR.
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-438,391; HON. JOHN T. FORBIS, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Joe A. Narvais, Jr., attacks his conviction for the offense of aggravated
assault with a deadly weapon by contending he received ineffective assistance of counsel. 
Counsel was allegedly ineffective because he 1) failed to have the trial court determine
whether appellant's statement (or admission to using a handgun during the assault) made
to an employee of the Texas Child Protective Services (CPS) was voluntary, 2) failed to
object to the testimony of an investigating police officer as hearsay, 3) failed to object to
the State calling the complainant as a hostile witness allegedly for the purpose of
impeaching her, and 4) was ineffective in light of the cumulative effect of the foregoing
errors. We overrule each issue and affirm the judgment.

Background 


 The victim of the aggravated assault was Susanna Narvais (Susanna), appellant's
wife. The two were separated at the time of the assault. Furthermore, on September 12,
2001, Susanna (while holding her child) sat in the back seat of a vehicle talking to a girl
friend. Appellant approached the vehicle, opened the back door, entered it, and asked,
"[w]hat's up now, bitch?" Susanna replied by asking that he not shoot her. Appellant then
exited the vehicle from one side while Susanna and the child exited from the other. At that
point, appellant circled the car, grabbed his wife by the throat, held a handgun to her head,
struck her in the face with the weapon, and fled. (2) Though Susanna told the police that her
husband held a gun to her head when they came to investigate the assault, she recanted
that portion of her statement at trial. 

Standard of Review


 The standard by which we review claims of ineffective assistance is well established. 
We will not repeat it, but rather cite the parties to Strickland v. Washington, 466 U.S. 668,
687-95, 104 S.Ct. 2052, 80 L. Ed.2d 674 (1984), Bone v. State, 77 S.W.3d 828 (Tex. Crim.
App. 2002), Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999), and Rios v. State,
990 S.W.2d 382 (Tex. App.--Amarillo 1999, no pet.) for its explanation.

 

Issue One - Failure to Determine Voluntariness of Admission


 In his first issue, appellant asks us to determine "whether trial counsel . . . was
ineffective by failing to object to or ask for a Jackson v. Denno [sic] hearing when a child
protective services employee testified to incriminating facts obtained in violation of the 5th
and 6th Amendments of the United States [sic] and Tex.C.Crim.Proc. Sec. 38.22 [sic]." The
"incriminating facts" alluded to consisted of appellant admitting that he held a gun to
Susanna's head. Furthermore, this admission occurred during an interview between
appellant and the CPS employee while the latter was conducting an investigation into the
welfare of appellant's children. We overrule the issue for two reasons.

 First, the reasons or motives underlying counsel's action appears nowhere in the
record. Consequently, appellant failed to rebut the presumption that those actions were
reasonable. Thompson v. State, 9 S.W.3d at 814 (holding that the appellant failed to rebut
the presumption that counsel's decision was reasonable because the record was silent as
to why counsel failed to object to the State's attempt to elicit hearsay).

 Second, hearings conducted pursuant to article 38.22 of the Texas Code of Criminal
Procedure and Jackson v. Denno (3) are utilized to determine the voluntariness of an
accused's admissions or confessions. Yet, before we can say that counsel was deficient
for failing to pursue a particular course of conduct, there must be evidence of record
indicating that there existed matters beneficial to appellant that was susceptible to
discovery through the pursuit. See Melancon v. State, 66 S.W.3d 375, 380 (Tex.
App.--Houston [14th Dist.] 2001, no pet.). Indeed, it is clear that counsel need not
undertake meaningless acts simply to be effective. See White v. State, 999 S.W.2d 895,
899-900 (Tex. App.-Amarillo 1999, pet. ref'd) (holding that counsel need not object just to
object). Moreover, appellant neither contends that his admission to the CPS employee
was involuntary nor cites us to evidence suggesting that it was. Without either that
contention or evidence, we cannot hold his attorney deficient for omitting to instigate a
proceeding that may well have uncovered nothing objectionable.

Issue Two - Failure to Object to Hearsay


 In his second issue, appellant asks that we determine whether his trial attorney was
ineffective "by failing to object to testimony of an investigating officer as hearsay when he
discussed an out of court statement made by the victim and two other witnesses." We
overrule the issue for the following reason.

 The reasons or motives underlying counsel's inaction appear nowhere in the record. 
Consequently, appellant failed to rebut the presumption that those actions were
reasonable. Thompson v. State, 9 S.W.3d at 814 (holding that the appellant failed to rebut
the presumption that counsel's decision was reasonable because the record was silent as
to why counsel failed to object to the State's attempt to elicit hearsay). 

 Next, that the failure to object may be founded upon sound trial strategy was
exemplified in Ortiz v. State, No. 73-692, 2002 Lexis 185 (Tex. Crim. App. September 25,
2002). There, counsel omitted objection to hearsay uttered by Special Agent Lott. The
hearsay involved statements uttered to the agent by two other individuals. Furthermore,
the record there, like here, failed to disclose counsel's reasons for remaining silent. In
overruling the claim of ineffectiveness, the Court of Criminal Appeals noted that an
objection may have compelled the State to introduce the evidence directly through the
actual live testimony of the two declarants and, more importantly, counsel may "have
believed that such direct evidence would have a more powerful and adverse effect on the
jury than the evidence the State was content to offer." Id. at 39. Thus, contrary to
appellant's supposition, silence on the part of counsel under circumstances akin to those
before us may be founded upon sound trial strategy.

Issue Three - Failure to Object to Impeachment Evidence


 In his third issue, appellant asks that we determine whether his trial counsel was
ineffective by "failing to object to the prosecution calling a hostile witness [i.e. the victim]
. . . to impeach her with otherwise inadmissible hearsay or to object to impeachment
material as hearsay and ask for a limiting instruction." We overrule the issue for the
following reasons.

 First, the reasons or motives underlying counsel's action appear nowhere in the
record. Consequently, appellant failed to rebut the presumption that those actions were
reasonable. Thompson v. State, 9 S.W.3d at 814 (holding that the appellant failed to rebut
the presumption that counsel's decision was reasonable because the record was silent as
to why counsel failed to object to the State's attempt to elicit hearsay).

 Second, assuming arguendo that the omission exemplified unreasonable conduct,
we cannot say that but for it there exists a reasonable probability that the result of the
proceeding would have differed. This is so because this evidence was cumulative of other
evidence illustrating that appellant utilized a deadly weapon, i.e. the handgun, while
assaulting his wife. Again, appellant himself admitted to striking his wife with a handgun. 
Additionally, that appellant so struck his wife was confirmed by another witness at trial who
personally saw the event, and no one questions the admissibility of that witness's
testimony. So, given the latter testimony and appellant's own admission which, according
to appellant, "solidified the State's case as only a confession can," we cannot say that
there exists a reasonable probability that the outcome would have differed had counsel
done what appellant says he should have done. 

Issue Four - Cumulative Effect of Errors


 In his last issue, appellant contends that there is a reasonable probability that the
outcome of the trial would have differed without the cumulative effect of the errors
addressed in the first three issues. We overrule the issue.

 Simply put, appellant did not prove, by a preponderance of the evidence, that his
counsel was deficient in any particular respect. Nor did he prove, by the same standard
of evidence, that any act or omission about which he complains, individually or
cumulatively, affected the outcome of the trial. 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice 


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002 (a)(1) (Vernon Supp. 2003). 
2. At trial, Susanna denied that appellant had a gun, threatened her with one, or struck her with one. 
3. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).



” Appellant pled not true to
the allegation. The State then tendered evidence illustrating that he had indeed committed
the offense. However, reference to the county in which the conviction occurred changed
from Dallas to Tarrant in the jury charge. The jury, nonetheless, found the enhancement
paragraph to be true. Now appellant argues that because there was no proof that he was
convicted in Tarrant County, no evidence supports the finding. We overrule the issue. 
          We test the legal sufficiency of the evidence via the standard set forth in Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and against the allegations
contained in a hypothetically correct jury charge. Gollihar v. State, 46 S.W.3d 243, 252
(Tex. Crim. App. 2001); Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
Moreover, these requirements apply irrespective of whether the appellant attacks the
sufficiency of the evidence underlying the current conviction or the establishment of the
allegations in an enhancement paragraph. Young v. State, 14 S.W.3d 748, 750 (Tex.
Crim. App. 2000) (stating that Malik’s principles apply equally to the affirmative findings
necessary to sustain the imposition of an enhanced punishment). 
          Next, the hypothetically correct charge at bar would have asked whether the prior
offense was committed in Dallas as opposed to Tarrant County. Furthermore, the record
is replete with evidence illustrating that the situs of the earlier crime was Dallas County, a
fact no one denies. So, upon applying Gollihar and Malik, we cannot but conclude that the
finding as to the enhancement paragraph enjoyed the support of legally sufficient evidence. 
          Issue 2 - Testimony of Deputy
          Next, appellant questions whether the trial court erred in overruling his Rule 403
objection. That objection was directed at the testimony of a deputy sheriff who purportedly
heard appellant state, several months before trial, that if he could make eye contact with
the child victim, he would not be found guilty. We overrule the issue.
          The decision to admit evidence is reviewed under the standard of abused discretion. 
Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). And, such an abuse occurs
only when the decision falls outside the zone of reasonable disagreement. Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (dealing with a Rule 403 objection). 
          Next, Rule 403 of the Texas Rules of Evidence permits the exclusion of relevant
evidence when its probative value is substantially outweighed by the danger of unfair
prejudice. Tex. R. Evid. 403. Here, appellant argues that the evidence in question was
prejudicial and had little probative value. Yet, one can reasonably interpret the comment
overheard by the deputy as a threat of intimidation directed towards the child victim in effort
to prevent her from testifying. It has long been recognized that effort by a defendant to
prevent a witness from testifying is generally admissible as conduct showing a
consciousness of guilt, which conduct tends to prove commission of the offense. 
Rodriguez v. State, 577 S.W.2d 491, 492-93 (Tex. Crim. App. 1979). Being evidence of
a consciousness of guilt, appellant’s utterance was both relevant and probative, especially
since the conviction rested in large part on the testimony of the victim he proposed to
intimidate. And, while the statement is prejudicial, it is not unfair. That is, it does not give
rise to the type of prejudice contemplated by Rule 403, such as prejudice arising from
emotion or bias. Karnes v. State, 127 S.W.3d 184, 191 (Tex. App.–Fort Worth 2003, no
pet.). Rather, the chance of harm it posed is no different than the harm posed by any other
admissible evidence illustrating guilt. So, after considering it within the framework
discussed in Montgomery v. State, supra, we cannot say that the trial court’s decision to
admit the statement fell outside the zone of reasonable disagreement. 
          Issue 3 - Motion for Mistrial
          In his last issue, appellant complains of the trial court’s failure to grant his motion
for mistrial. That motion was made after the judge revealed to the parties that a juror had
approached and informed him that the juror believed he may know someone who may be
a witness.


 In lieu of asking for opportunity to examine the juror in effort to determine
whether the relationship would impact his ability to be fair and impartial, appellant simply
asked for a mistrial. The latter was denied. We overrule the issue.
          Like questions regarding the admission of evidence, those concerning decisions to
deny mistrial are reviewed under the standard of abused discretion. Archie v. State, 221
S.W.3d 695, 699 (Tex. Crim. App. 2007). Furthermore, we note that when a juror
withholds material information during voir dire, mistrial may be appropriate. Franklin v.
State, 138 S.W.3d 351, 353-54 (Tex. Crim. App. 2004). When the information withheld is
immaterial and the record does not show that the defendant was denied an impartial jury
or a fair trial, denying mistrial is not error. Decker v. State, 717 S.W.2d 903, 907-08 (Tex.
Crim. App. 1986). Additionally, a juror’s mere familiarity with a witness is not necessarily
material information. Franklin v. State, 12 S.W.3d 473, 478 (Tex. Crim. App. 2000);
Decker v. State, 717 S.W.2d at 907. Its materiality depends upon whether the nature of
the relationship carries with it a potential for bias or prejudice sufficient to warrant the
juror’s exclusion from the panel. Sypert v. State, 196 S.W.3d 896, 900 (Tex.
App.–Texarkana 2006, pet. ref’d).
          Here, all we have before us is evidence that a juror recognized someone in the hall
outside the courtroom. Missing is evidence illustrating whether the individual actually was
a potential witness or merely a spectator. Undoubtedly, that could affect our analysis of
the issue. So too do we lack any record developing the extent of the juror’s relationship
with that person. That too could influence how we view the impact, if any, of the
relationship upon the juror’s deliberations. Again, appellant simply asked for a mistrial. 
Neither litigant made effort to investigate or develop the situation, according to the record
before us. Given this, we cannot say that appellant illustrated the relationship in question
was material in any way. 
          Accordingly, the judgment of the trial court is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.