Opinion filed December 13, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed December 13,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00244-CR 

                                                     __________

 

                           CHRISTOPHER
WAYNE MEREDITH A/K/A 

                                CHRISTOPHER
HAWLEY, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

                                                          Taylor
County, Texas

                                                  Trial
Court Cause No. 15322-B

 



 

                                                                   O
P I N I O N

 

The
jury convicted appellant of one count of aggravated sexual assault of a child
and two counts of indecency with a child.  The trial court assessed his
punishment at confinement for life on the aggravated sexual assault conviction
and for terms of fifty years each on the convictions for  indecency with a
child with the three sentences to run concurrently.  We affirm.

                                                               Background
Facts








The
victim D.M. was appellant=s
daughter.  The indictment charged appellant with committing aggravated sexual
assault of a child by penetrating D.M.=s
female sexual organ with his finger.  The two charges of indecency with a child
involved allegations that appellant touched the genitals and breasts of D.M.
with his finger and hands with the intent to arouse and gratify his sexual
desire.

With
regard to the charged offenses, D.M. testified about an episode where appellant
bathed her.  This event occurred when D.M. was ten years old.  Appellant
entered the bathroom while D.M. was taking a bath.  D.M. testified that
appellant washed her vagina with soap and his hand.  She testified that
appellant stuck his finger in her vagina on this occasion.  She asked him to
stop because it  hurt, but he did not stop.  D.M. also testified about other
occasions when appellant Atouched
[her] boobs@ by Afeeling them.@

The Stated
offered into evidence the following written statement signed by appellant: 

 

I
have had to give my daughter [D.M.] a bath about three different times.  The
last time was maybe a couple of months ago.  She does not understand the
concept of soap.  There were times when she would take a bath and come out with
dirt still on her face and her arms and hands.

 

I
would go into the bathroom after she was in the bathtub.  I lathered her up and
washed her with soap.  Some was with a rag and some was with my hand.  I would
wash her on her privates.  She never said anything to me about it.  I would ask
her if she understood how to use the soap and she would say yes.

 

Appellant
alleged in his trial testimony during the guilt/innocence phase that the
written statement did not accurately recite the words that he spoke to the
detective that took the statement from him. With respect to the bathing
allegation, appellant testified that he only bathed D.M. one time.  He
testified that he showed her how to use a washcloth and soap during this
occasion.  Appellant acknowledged at trial that he washed her Aprivates@ with a washcloth.  He
denied molesting D.M. during this episode.

                                                             Issues

Appellant
raises five issues on appeal.  He alleges in his first issue that the trial
court erred in allowing the admission of evidence pertaining to extraneous
acts.  In his second issue, appellant argues that the trial court failed to
correctly instruct the jury in the court=s
charge regarding the limited purpose for which it could consider the extraneous
acts evidence.  Appellant challenges the legal and factual sufficiency of the
evidence supporting his convictions in his third, fourth, and fifth issues.  








                                            Admission
of Evidence of Extraneous Acts

Tex. R. Evid. 404(b) provides in part:

Evidence
of other crimes, wrongs or acts is not admissible to prove the character of a
person in order to show action in conformity therewith. It may, however, be
admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident.

 

Rule 404(b)
incorporates the fundamental tenet of our criminal justice system that an
accused may be tried only for the offense for which he is charged and not his
criminal propensities. Rankin v. State, 974 S.W.2d 707, 718 (Tex. Crim.
App. 1996).  In order for an extraneous offense to be admissible, it must be
relevant apart from supporting an inference of character conformity. Montgomery
v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991).  We review the trial
court=s admission of
extraneous offense evidence under an abuse of discretion standard.  Rankin,
974 S.W.2d at 718.  A trial court abuses its discretion when it acts
arbitrarily or unreasonably without reference to any guiding rules or
principles.  See Montgomery, 810 S.W.2d at 380.  We will uphold the
trial court=s ruling
if it was correct on any theory of law applicable to the case in light of what
was before the trial court at the time the ruling was made.  State v. Ross,
32 S.W.3d 853, 856 (Tex. Crim. App. 2000).

The
State offered evidence during the guilt/innocence phase of extraneous acts
alleged to have been committed by appellant.  Appellant challenges the
admission of this evidence in his first issue.  The extraneous acts evidence
falls into three general categories.  The first category consists of an
allegation that appellant required D.M. to perform oral sex on him in a
neighboring county.  The second category consists of allegations that appellant
touched the breasts of his stepdaughter C.K. on two occasions.  The third
category consists of allegations that appellant and his wife pressured D.M. to
recant her allegations.

D.M.
testified that she accompanied appellant to his work site in Callahan County. 
She stated that appellant took her to the bathroom at the work site and removed
her clothes.  After appellant removed his clothes, he instructed D.M. to lay on
the floor.  D.M. testified that appellant made her perform oral sex.  D.M. also
testified that appellant subsequently showed her pornography at the work site. 
Appellant acknowledged taking D.M. to work with him one day and showing her
pornography at the work site.  However, he denied making D.M. perform oral sex
on him.








C.K.
did not testify at trial.  However, her allegations against appellant were
placed into evidence through the testimony of others.  C.K. made an outcry
statement to Officer Eric Katona.  C.K. told Officer Katona that appellant had
her sit on his lap at which time he rubbed her breasts with his hands.  C.K.
stated that appellant asked her if it felt good or tickled and that she told
him that it did not feel good.  C.K. also informed Officer Katona about another
episode occurring on the same day when appellant touched her breasts while
working on a project for school.  In his statement, appellant denied touching
C.K.=s breasts
intentionally, but he stated that he might have done so accidentally on more
than one occasion.

Detective
Brian Trail was the lead detective that investigated the allegations against
appellant.  Detective Trail testified that appellant=s trial counsel contacted him prior to trial
to inform him that D.M. had purportedly recanted her allegations.  Appellant=s trial counsel provided
Detective Trail with a letter written by D.M. that appellant=s wife, Wendy Meredith, had
delivered to him.  The letter read as follows:

Dear Mr. Fisher[.][1]
I=m sorry thing got
twisted up[.]  I lied about everything and they just made me mad[.]  I just
want to do something really mean and I made it up[.]  [Pl]ease do not be mad at
me[.]  Sorry[.] I=m
sorry I put you in so much trudle [sic].

 

Sorry[.]  Please do
not be made [sic] at me!!!  

 

Love [D.M.]

 

D.M. testified
that appellant=s wife
told her to write the note.  The State offered into evidence recordings of
phone conversations between appellant and his wife while he was in jail
awaiting trial wherein appellant instructed his wife to obtain a note from D.M.
recanting her allegations. Specifically, appellant and his wife discussed that
the letter should be addressed to appellant=s
trial counsel.  In one conversation, appellant stated: ASomebody is going to have to do something and
say f--k CPS and go around that and get hold of those f-----g girls.  F--k
those people.@  His
wife replied: ASomebody=s going to have to, and I
have a pretty good idea of who it=s
going to be.  Know what I mean?@
Appellant replied: AEither
that or I=m sending
the motherf-----s to Taiwan.@
His wife replied: AWe=ll go around it and figure
something out.  We=ll
get it taken care of.@









At
the conclusion of jury selection, the State advised the trial court that it
intended to offer evidence of the extraneous acts at trial under several of the
exceptions listed in Rule 404(b).  The trial court ruled that the evidence of
extraneous sexual acts would be admissible based upon its determination that it
was probative of motive, opportunity, intent, preparation, plan, knowledge, or
absence of mistake or accident.  The trial court also concluded that the
evidence of witness tampering would be permitted based upon the determination
that it was probative of the commission of the charged offenses.

As
discussed above, the State offered evidence of different types of extraneous
acts.  Despite the varied nature of the extraneous acts, appellant does not
differentiate between the three categories in his analysis of the first issue. 
Furthermore, the State listed multiple grounds for seeking the admission of
this evidence.  The trial court announced on the record that it would permit
evidence of these extraneous matters on multiple grounds.  Appellant only
addresses one of the Rule 404(b) grounds (plan) in his brief. 

The
State correctly notes that D.M.=s
allegations of an extraneous sexual assault are admissible under Tex. Code Crim. Proc. Ann. art. 38.37
(Vernon Supp. 2007) irrespective of Rule 404(b).  Article 38.37 applies to
a sexual offense prosecution when the victim of the alleged offense is a child
younger than seventeen years of age.  The Article provides that,
notwithstanding Rule 404(b), evidence of other crimes, wrongs, or acts
committed by the defendant against the child who is the victim of the alleged
offense shall be admitted for its bearing on relevant matters, including: (1)
the state of mind of the defendant and the child and (2) the previous and
subsequent relationship between the defendant and the child.








The
evidence of witness tampering is also admissible notwithstanding Rule 404(b). 
The enumerated Rule 404(b) exceptions are neither mutually exclusive nor
collectively exhaustive. Montgomery, 810 S.W.2d at 377. Texas courts
have held that criminal acts designed to reduce the likelihood of prosecution,
conviction, or incarceration for the offense at issue are admissible under Rule
404(b) to show the defendant=s
Aconsciousness of
guilt.@  See Ransom
v. State, 920 S.W.2d 288, 299 (Tex. Crim. App. 1996).  Attempts by the
accused to suppress the testimony of a witness are admissible under the Aconsciousness of guilt@ exception.  Rodriguez
v. State, 577 S.W.2d 491, 493 (Tex. Crim. App. 1979); Roberts v. State,
795 S.W.2d 842 (Tex. App.CBeaumont
1990, no pet.). AThreats
or other attempts at coercion are >hardly
the actions of an innocent accused,=
and evidence of such is every bit as probative of guilt as would be flight by
the accused.@ Peoples
v. State, 874 S.W.2d 804, 809 (Tex. App.CFort
Worth 1994, pet. ref=d)
(quoting in part Rodriguez, 577 S.W.2d  at 493). Therefore, Rule 404(b)
did not prohibit evidence of appellant=s
attempts to coerce D.M. into dropping her accusations against him.

Thus,
we are left with the evidence of appellant touching C.K.=s breasts.  As noted previously, C.K. was not
the victim of the charged offenses.  Accordingly, Article 38.37 is inapplicable
to C.K.=s
allegations.  Appellant correctly cites Daggett v. State, 187 S.W.3d
444, 451-52 (Tex. Crim. App. 2005), for the proposition that evidence of the
repeated commission of the same offense is not admissible under the Aplan@ exception of Rule 404(b).  However, the commission
of a similar offense may be admissible under other exceptions listed under Rule
404(b).  Evidence of extraneous offenses are admissible to prove the element of
intent in a case in which intent is an essential element of the offense and
cannot be inferred from the act itself.  Williams v. State, 662 S.W.2d
344, 345-46 (Tex. Crim. App. 1983).  Appellant was charged with two counts of
indecency with a child by engaging in sexual contact with D.M.  See Tex. Penal Code Ann. ' 21.11(a)(1) (Vernon
2003).  The offense of indecency with a child requires the Aintent to arouse or gratify
the sexual desire of any person.@ 
Tex. Penal Code Ann. ' 21.01(2) (Vernon Supp.
2007).   D.M. alleged that appellant touched her breasts on at least three
occasions but that he did not say anything when this activity occurred.  The
trial court could have reasonably concluded that the evidence that appellant
had engaged in the same conduct with C.K., along with the comments he  made to
C.K. when the contact occurred, was admissible to supply the intent element
with regard to appellant=s
act of touching D.M.=s
breasts.  See Morgan v. State, 692 S.W.2d 877, 881 (Tex. Crim. App.
1985).  We conclude that the trial court did not abuse its discretion. 
Appellant=s first
issue is overruled. 

                                                              Limiting
Instruction

The
jury charge contained the following limiting instruction:








The
State has introduced evidence of extraneous crimes or bad acts other than the
one charged in the indictment in this case.  This evidence was admitted only
for the purpose of assisting you, if it does, for the purpose of showing the
defendant=s motive,
opportunity, intent, preparation, plan, knowledge, or absence of mistake or
accident, if any.  You cannot consider the evidence unless you find and believe
beyond a reasonable doubt that the defendant committed these acts, if any, were
committed.

 

Appellant
contends that the trial court erred in providing this instruction because the
evidence of extraneous acts was not admissible for any purpose.  We have
determined that the evidence was admissible.  Morever, appellant did not
request a limiting instruction when the evidence of extraneous acts was
admitted.  ABecause
appellant did not request a limiting instruction at the first opportunity, the
evidence was admitted for all purposes.@ 
Hammock v. State, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001). 
Accordingly, the trial court did not err by giving this instruction in the
court=s charge because
the evidence was admitted for all purposes and a limiting instruction was
unnecessary.  Id.  Appellant=s
second issue is overruled.

                                            Sufficiency
of the Evidence

In
his next three issues, appellant challenges the legal and factual sufficiency
of the evidence supporting his convictions.  In order to determine if the
evidence is legally sufficient, we must review all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt.
Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17
S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually
sufficient, we must review all of the evidence in a neutral light. Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State,
23 S.W.3d 1, 10‑11 (Tex. Crim. App. 2000); Cain v. State, 958
S.W.2d 404, 407‑08 (Tex. Crim. App. 1997); Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, we must determine whether the
evidence supporting the verdict is so weak that the verdict is clearly wrong
and manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence. Watson, 204 S.W.3d at 414‑15;
Johnson, 23 S.W.3d at 10‑11. We must also give due deference to
the jury=s
determinations of fact, particularly those determinations concerning the weight
and credibility of the evidence. Johnson, 23 S.W.3d at 8‑9.








Appellant=s third issue addresses the
legal and factual sufficiency of the evidence to support his conviction for
indecency with a child pertaining to the allegation that he made sexual contact
with D.M.=s breasts. 
Appellant contends that the evidence supporting this allegation is deficient
because there is no evidence that it occurred during the bathing incident.  In
presenting this contention, appellant attempts to limit the charged conduct to
a single bathing incident.  Appellant bases this limitation upon an answer
provided by Detective Trail on cross-examination.  Appellant=s efforts to restrict the
review of the evidence to acts only occurring during the bathing incident are
not supported by the evidence or the law.  D.M. testified that the incidents of
breast touching occurred on occasions other than the bathing episode.  The
indictment did not restrict the charged offenses to a single incident.  To the
contrary, the indictment alleged that the incidents occurred Aon or about@ July 30, 2004.  The Aon or about@ language of an indictment
allows the State to prove a date other than the one alleged in the indictment
as long as the date is anterior to the presentment of the indictment and within
the statutory limitation period.  Sledge v. State, 953 S.W.2d 253, 256
(Tex. Crim. App. 1997).  Appellant also argues that D.M.=s allegation of breast touching is
insufficient because she purportedly did not tell anyone of the alleged
incidents prior to trial.  

Appellant=s fourth issue attacks the
sufficiency of the evidence supporting the jury=s
determination that he engaged in sexual contact with D.M.=s vagina with the intent to
arouse or gratify his sexual desire.  He contends that there is no evidence of
any conduct or remarks on his part that evidenced his being aroused.  Appellant
argues that the evidence simply shows that he gave his daughter a bath.  In the
context of indecency with a child, the fact-finder can infer the requisite intent
to arouse or gratify from conduct, remarks, and the surrounding circumstances. 
See McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981).  The
intent to arouse or gratify may be inferred from conduct alone.  Id. No
oral expression of intent or visible evidence of sexual arousal is necessary.  See
Scott v. State, 202 S.W.3d 405, 408 (Tex. App.CTexarkana 2006, pet. ref=d).  Appellant=s act of giving a bath to a
child at the age of ten is conduct from which a rational jury could have
inferred an intent to arouse or gratify sexual desire from the act itself.  See
Scott, 202 S.W.3d at 408-09 (applying medical cream to an eleven-year-old
child=s vagina).








In
his fifth issue, appellant challenges the sufficiency of the evidence
supporting his conviction for aggravated sexual assault.  He contends that
there is no evidence of a criminal intent by him in bathing his daughter. 
Unlike the offense of indecency with a child by engaging in sexual contact, the
offense of aggravated sexual assault does not require an intent to arouse or
gratify anyone=s
sexual desire.  See Tex. Penal
Code Ann. '
22.021(a)(1)(B)(i) (Vernon Supp. 2007) (A person commits an offense if the
person intentionally or knowingly causes the penetration of the anus or sexual
organ of a child by any means.).

The
issues of whether or not appellant engaged in the conduct alleged in the
indictment are matters that primarily turn upon the jury=s determination of D.M.=s and appellant=s
credibility.  The testimony of a child victim alone is sufficient to support a
conviction for aggravated sexual assault or indecency with a child.  See
Tex. Code Crim. Proc. Ann. art. 38.07
(Vernon 2005); Perez v. State, 113 S.W.3d 819, 838 (Tex. App.CAustin 2003, pet. ref=d); Tear v. State,
74 S.W.3d 555, 560 (Tex. App.CDallas
2002, pet. ref=d). 
Appellant=s intent Ato arouse and gratify [his]
sexual desire@ could
be inferred from his act during the bathing of D.M.  Montgomery, 810
S.W.2d at 396.  Viewing the evidence in the light most favorable to the
verdict, we conclude that any rational trier of fact could have found beyond a
reasonable doubt that appellant committed the charged offenses.  Furthermore,
the evidence supporting the verdict is not so weak that the verdict is clearly
wrong and manifestly unjust nor is there conflicting evidence that is so strong
that it nullifies the jury=s
verdict.  Appellant=s
third, fourth, and fifth issues are overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

December 13,
2007

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]AMr. Fisher@ was
appellant=s trial counsel.