**Opinion filed October 25, 2012**



## In The

# Eleventh Court of Appeals

_____

## No. 11-10-00307-CR

_____

## THOMAS PRYER KEITH, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 66th District Court**
**Hill County, Texas**
**Trial Court Cause No. 35,934**

### O P I N I O N

The jury convicted Thomas Pryer Keith of burglary of a habitation. Upon appellant's plea of "true" to two prior felony convictions alleged for enhancement purposes, the jury sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for life and assessed a fine of $10,000. Appellant challenges his conviction in four issues. We affirm.

*Background Facts*

Sheila Schultz testified that she received a call on March 18, 2009, from a credit card issuer regarding the possible fraudulent use of her credit card. Schultz was out of town visiting her sister at the time she received the call. She returned to her home that evening to discover that her home had been burglarized. All of her jewelry had been taken from the home in addition to other items.

Officers responding to Schultz's home determined that the burglars made entry into the home through a rear window. Schultz speculated to the officers that friends of her ex-boyfriend, Monty Gene Walton, may have committed the burglary. These friends consisted of appellant and his wife, Sara. Schultz testified that appellant's wife knew Schultz was out of town because Schultz received calls from appellant's wife looking for appellant while Schultz was gone.

Walton testified that he and appellant were previously coworkers. He further testified that they were friends outside of work and that they sometimes used methamphetamine together along with Vivian Williams Waterston, who was a friend of appellant. Walton did drugs with appellant, Waterston, and April Williams two days prior to Schultz's discovery of the burglary. He testified that appellant asked him during this episode if he was "ready to hit Sheila's," which he interpreted to mean burglarizing Schultz's house. Walton testified that they had previously discussed burglarizing her home. Walton told appellant and Waterston that it would be easy to burglarize Schultz's home because she kept all of her jewelry on the counter in the bathroom. Walton also mentioned during this conversation that Schultz was out of town.

Officers obtained video surveillance footage from a Foot Locker location in Fort Worth. The footage revealed that Waterston and Carla Grissom used Schultz's credit card to purchase shoes at the store. After arresting Waterston, officers determined that she sold jewelry belonging to Schultz at two pawn shops in Fort Worth and that appellant accompanied her as reflected in surveillance video from the pawn shops. Officers also recovered Schultz's property from Waterston's daughter and a relative of appellant.

Waterston testified at trial. She stated that she and appellant burglarized Schultz's home because both of them had financial problems. Their original plan was to appear as if they were delivering flowers to Schultz's home. However, they encountered Schultz's neighbor, who checked on her home while she was away. After the encounter with the neighbor, Waterston and appellant staked out Schultz's home from across the road near a tank dam while waiting for an opportunity to enter the home. After waiting for several hours, they entered the home through a back window.

*Corroboration of Accomplice Testimony*

Appellant asserts in his third issue that the trial court erred in denying his motion for acquittal under Article 38.14 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). This article provides that a conviction cannot be upheld on

the basis of accomplice testimony unless it is corroborated by "other evidence tending to connect the defendant with the offense committed." *Id.* Appellant contends that Waterston's testimony was not sufficiently corroborated with non-accomplice testimony. We disagree.

In reviewing the sufficiency of the corroborating evidence, we eliminate the accomplice testimony from consideration and focus on the remaining portions of the record to determine whether there is any evidence that tends to connect the defendant with the commission of the crime. *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001); *Cathey v. State*, 992 S.W.2d 460, 462–63 (Tex. Crim. App. 1999). The corroborating evidence may be direct or circumstantial and need not be sufficient by itself to establish the defendant's guilt; it is sufficient if the combined weight of the non-accomplice evidence tends to connect the defendant to the offense. *Solomon*, 49 S.W.3d at 361; *Gosch v. State*, 829 S.W.2d 775, 777 (Tex. Crim. App. 1991).

Several witnesses provided non-accomplice testimony in this case tending to connect appellant with the commission of the crime. Walton testified that appellant discussed burglarizing Schultz's home with him a few days prior to its occurrence. Williams also overheard conversations between appellant and Waterston regarding the intention to burglarize a home, and she observed some of the items that they stole afterward at Waterston's home. Additionally, appellant and his wife took Williams to visit Waterston in jail to see if Waterston had informed the police about his involvement in the burglary. Surveillance footage revealed that appellant accompanied Waterston to two pawn shops to sell items stolen from Schultz's home. Evidence that the defendant was in the presence of the accomplice at or near the time or place of the offense is proper corroborating evidence. *McDuff v. State*, 939 S.W.2d 607, 612 (Tex. Crim. App. 1997). Items of stolen property were recovered from appellant's ex-brother-in-law, Edwin B. Miller, III. Miller helped appellant obtain these items from appellant's vehicle after it had been involved in an accident. A defendant's unexplained possession of property recently stolen permits an inference that the defendant is the one who committed the theft. *See Rollerson v. State*, 227 S.W.3d 718, 725 (Tex. Crim. App. 2007); *Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006). Finally, appellant made verbal threats to others to deter them from divulging his involvement in the burglary.

The direct or circumstantial non-accomplice evidence is sufficient corroboration if it shows that rational jurors could have found that it sufficiently tended to connect the accused to the offense. *Smith v. State*, 332 S.W.3d 425, 442 (Tex. Crim. App. 2011); *Simmons v. State*,

3

282 S.W.3d 504, 508 (Tex. Crim. App. 2009). We defer to the factfinder's resolution of the evidence in making this determination. *Smith*, 332 S.W.3d at 442; *Simmons*, 282 S.W.3d at 508. The non-accomplice testimony in this case sufficiently connected appellant to the commission of the charged crime. Appellant's third issue is overruled.

*Hearsay*

In his first issue, appellant asserts that the trial court erred in admitting hearsay statements in two instances at trial. We review a trial court's decision regarding the admissibility of evidence under an abuse of discretion standard. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). Appellate courts will uphold a trial court's admissibility decision when that decision is within the zone of reasonable disagreement because trial courts are in the best position to decide questions of admissibility. *Id.* An appellate court may not reverse a trial court's decision regarding the admissibility of evidence solely because the appellate court disagrees with the decision. *Id.* A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

The first instance of alleged hearsay occurred when Sergeant Hunter Barnes of the Hill County Sheriff's Office was asked if he had identified any possible suspects from his initial investigation of the burglary. He responded by saying that he asked Schultz if she had any idea who may have committed the burglary and that she responded by providing the names of appellant and his wife. The trial court overruled appellant's hearsay objection on the basis that appellant waived the objection and that the statement constituted a "mental sense impression" of Schultz. *See* TEX. R. EVID. 803(1). We conclude that the officer's statement did not constitute hearsay.

Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). A police officer may describe statements made by others for the purpose of showing why the defendant became a suspect and to explain the events and circumstances leading to the defendant's arrest. *See Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995); *Reed v. State*, 794 S.W.2d 806, 809 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd). As such, the statement does not constitute hearsay under *Dinkins* because it was not offered to prove the truth of the matter asserted.

The second instance of alleged hearsay occurred when Shea-Lynn Delcuze, a relative of Waterston, testified that appellant made a statement in her presence that, "if any of us had said anything, snitched him out, that he would harm my family." Delcuze interpreted this statement to pertain to appellant's alleged role in the burglary of Schultz's home. We agree with the trial court's conclusion that this statement did not constitute impermissible hearsay. The statement by appellant was an admission by a party; therefore, it was not hearsay. *See* TEX. R. EVID 801(e)(2)(A). A party's own statements are not hearsay and are admissible on the logic that a party is estopped from challenging the fundamental reliability or trustworthiness of his own statements. *Trevino v. State*, 991 S.W.2d 849, 852–53 (Tex. Crim. App. 1999). Appellant's first issue is overruled.

*Extraneous Offenses*

Appellant asserts in his second issue that the trial court erroneously admitted evidence of extraneous offenses in four instances. He contends that the admission of this evidence violated TEX. R. EVID. 403 and 404(b). Rule 404(b) provides in relevant part:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Rule 404(b) prohibits the admission of evidence of extraneous offenses committed by the defendant for the purpose of proving that, on the occasion in question, the defendant acted in conformity with the character demonstrated by the other bad acts. *Santellan v. State*, 939 S.W.2d 155, 168 (Tex. Crim. App. 1997). However, evidence of extraneous offenses is not inadmissible if it is relevant to a fact of consequence apart from the tendency to show conduct in conformity with character. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). The exceptions listed under Rule 404(b) are neither mutually exclusive nor collectively exhaustive. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). Rule 404(b) is a rule of inclusion rather than exclusion. *Id.* Even if evidence is admissible under Rule 404(b), the trial court may exclude the same evidence if it determines that the probative value of such evidence is substantially outweighed by its unfair prejudice. Rule 403.

Whether extraneous offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court. *De La Paz*, 279 S.W.3d at 343. So, too, is a ruling on the balance between probative value and the counter factors set out in

5

Rule 403, although that balance is always slanted toward admission, not exclusion, of otherwise relevant evidence. *Id.* A trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse of discretion standard. *Id.* As long as the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion, and the trial court's ruling will be upheld. *Id.* at 343–44. A trial court's ruling is generally within this zone if the evidence shows that (1) an extraneous transaction is relevant to a material, non-propensity issue and (2) the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury. *Id.* at 344. Furthermore, if the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed even if the trial judge gave the wrong reason for his right ruling. *Id.*

One alleged instance occurred during the testimony of Deputy Jason Patrick when he testified about "other pending charges." Upon appellant's objection to this comment, the prosecutor informed the trial court and appellant's counsel outside the jury's presence that the statement pertained to the driver of the vehicle in which appellant was riding at the time of his arrest, rather than to appellant. Appellant's counsel agreed that he would withdraw his objection if the prosecutor clarified this matter to the jury. Accordingly, Deputy Patrick's statement did not constitute evidence of an extraneous offense as a result of the subsequent clarification.

Two other alleged instances pertained to evidence of threats made by appellant. We have previously addressed one of the threats that appellant made to Delcuze in the preceding section pertaining to appellant's hearsay issue. Appellant made the other threat to Grissom when he told her "[t]hat if anybody snitched him out or got him in trouble that he would have them bumped off and they would clean up the mess." We conclude that the trial court did not abuse its discretion in determining that evidence of these threats had relevance apart from the tendency to show conduct in conformity with character. Acts designed to reduce the likelihood of prosecution, conviction, or incarceration for the offense at issue are admissible under Rule 404(b) to show the defendant's "consciousness of guilt." *See Ransom v. State*, 920 S.W.2d 288, 299 (Tex. Crim. App. 1996). Attempts by the accused to suppress the testimony of a witness are admissible under the "consciousness of guilt" exception. *Rodriguez v. State*, 577 S.W.2d 491, 493 (Tex. Crim. App. 1979); *Roberts v. State*, 795 S.W.2d 842 (Tex. App.— Beaumont 1990, no pet.). "Threats or other attempts at coercion are 'hardly the actions of an innocent accused,' and evidence of such is every bit as probative of guilt as would be flight by

6

the accused." *Peoples v. State*, 874 S.W.2d 804, 809 (Tex. App.—Fort Worth 1994, pet. ref'd) (quoting *Rodriguez*, 577 S.W.2d at 493). Therefore, Rule 404(b) did not prohibit evidence of appellant's attempts to deter others from reporting his involvement in the charged crime with threats of violence. Furthermore, the trial court did not abuse its discretion by determining that the probative value of this evidence was not substantially outweighed by unfair prejudice.

The fourth instance occurred when Miller was asked why he, rather than appellant himself, recovered property from appellant's car that was in a "junkyard." Specifically, the prosecutor asked Miller, "How come you went in to get the stuff?" Miller replied, "He was -- we went to the gas station, [I] dropped him off, and then he just needed to be dropped off. He said it was -- he didn't want to -- his parole." Appellant's counsel objected to Miller's reference to appellant being on parole. The trial court sustained the objection and gave the jury an instruction to disregard the statement. Appellant's counsel then moved for a mistrial, and the trial court denied the motion.

Appellant appears to complain on appeal that the trial court erred in admitting the statement. However, the trial court did not allow the statement into evidence because it sustained a contemporaneous objection to the statement. Additionally, the trial court gave the jury an instruction to disregard it. A witness's inadvertent reference to an extraneous offense generally can be cured by a prompt instruction to disregard. *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998). We presume that a jury will obey a trial court's instruction to disregard evidence that has not been admitted. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). An exception exists when the reference to an extraneous offense was clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the jurors' minds. *Rojas*, 986 S.W.2d at 250. As in Rojas, the objectionable reference in this case was at most an oblique reference to an extraneous offense. Miller's statement was not of a nature calculated to inflame the jury or of such damning character as to be impossible to remove from the jurors' minds. Rather, this statement was adequately addressed by a sustained objection and an instruction to disregard. *See id.* at 250–51; *Sperling v. State*, 924 S.W.2d 722, 724–25 (Tex. App.—Amarillo 1996, pet. ref'd) (reference by State's witness to defendant's prior incarceration during direct examination did not require mistrial). Accordingly, appellant's second issue is overruled.

7

*Improper Jury Argument*

In his fourth issue, appellant contends that the trial court erred in denying his motion for mistrial during the prosecutor's closing argument. Appellant contends that the prosecutor made an improper comment on his decision not to testify at trial. He objected to the following argument:

> What about [appellant]? [Waterston] has stood up and said to you, I am guilty. It was me. [Appellant] is hiding. [Appellant], instead of saying, I'm guilty, is acting guilty. And what do we talk about with that circumstantial evidence? That you can tell somebody's intent. You can tell what they did by looking at their actions. [Appellant] is hiding. I don't have a driver's license. I can't pawn the stuff.

Appellant objected at this juncture on the basis that the reference to appellant "hiding" constituted an impermissible reference to his constitutional right not to incriminate himself. The trial court sustained the objection to the extent "you can make such an inference out of such a statement." Appellant then requested a mistrial, which the trial court denied. The prosecutor then continued her argument by pointing out instances of appellant's conduct prior to being arrested wherein he attempted to detach himself from the stolen property, including having Miller retrieve the property from appellant's automobile.

A comment on a defendant's failure to testify offends the Texas and United States Constitutions, as well as Texas statutory law. U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 38.08 (West 2005). A prosecutor's comment amounts to an impermissible comment on a defendant's failure to testify only if, when viewed from the jury's standpoint, the comment is manifestly intended to be, or is of such character that a typical jury would naturally and necessarily take it to be, a comment on the defendant's failure to testify. *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).

If the harm caused by an improper jury argument is incurable, a motion for mistrial is sufficient to preserve error for appellate review. *Cruz*, 225 S.W.3d at 548; *Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004). We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). We conclude that the prosecutor's statements did not amount to improper comments on appellant's failure to testify at

trial. Viewed in context, the complained-of statement by the prosecutor relates to appellant's concealment efforts prior to being arrested, rather than his failure to testify. As such, the statement did not constitute an impermissible comment on appellant's failure to testify, and the trial court did not abuse its discretion in denying the motion for mistrial premised on this contention.

We also conclude that the trial court did not err in denying appellant's motion for mistrial for another reason. Except in the most blatant instances, an instruction to disregard a comment on the defendant's failure to testify will cure any harm caused by the comment. *Moore v. State*, 999 S.W.2d 385, 405–06 (Tex. Crim. App. 1999). If a defendant fails to request an instruction to disregard and the instruction would have cured any harm, the trial court does not abuse its discretion in denying a motion for mistrial. *Young*, 137 S.W.3d at 72. Even if the prosecutor's statement in this cause amounted to comments on appellant's failure to testify, it was not so blatant that it would have rendered an instruction to disregard ineffective. *Moore*, 999 S.W.2d at 405–06. Because appellant failed to request an instruction to disregard, the trial court did not abuse its discretion in denying his motion for mistrial. *Young*, 137 S.W.3d at 72. Appellant's fourth issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE

October 25, 2012

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill.[2]

---

[1] Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[2] John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.