

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|   |   |   |
|---|---|---|
| RICARDO FRANCO, | § | No. 08-15-00254-CR |
| Appellant, | § | Appeal from |
| v. | § | 41st District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 20110D03180) |
|  | § |  |

## **O P I N I O N**

This appeal arises from a jury trial that resulted in Ricardo Franco's conviction for sexual assault. He raises two complaints for our consideration: (1) the admissibility of his own inculpatory statement, claiming it to be hearsay: and (2) the effectiveness of his trial counsel. Finding no error, we affirm.

### **FACTUAL SUMMARY**

Appellant was indicted for sexual assault by penetration. The indictment further alleges the victim was unaware of what was occurring. The assault occurred at a party held at a private residence. The victim, whom we refer to as R.P., was celebrating her twentieth birthday and after becoming very tired, was taken to a bedroom and passed out. Appellant was at the party only because he lived at the residence; he had no prior relationship with R.P. and was almost twenty years her senior. The victim's boyfriend and another party guest later went back to the

bedroom and found Appellant on top of R.P., thrusting his hips. Both Appellant and R.P. were unclothed below the waist. R.P.'s boyfriend saw that she was motionless while this was going on. Not unsurprisingly, the boyfriend began beating on Appellant and injured him to such an extent that he needed to be transported by ambulance to a local hospital.

There were several disputed issues at trial. Appellant challenged whether there was actual penetration. The State presented evidence that Appellant appeared to be thrusting his hips while he was on top of R.P. Conversely, a later medical exam revealed no evidence of semen and only inconclusive physical evidence for recent intercourse. While there was some DNA from an unknown person detected from R.P.'s genital swab, there was not enough material to match the DNA found against the CODIS database. Appellant also contended there was reasonable doubt as to whether R.P. was unaware of what was going on as alleged in indictment. Circumstantial evidence suggested that Appellant may have slipped something in her drink and that she was unconscious until her boyfriend entered the room and started hitting Appellant. Conversely, toxicology tests showed no drugs in R.P.'s urine, and alcohol at only half of the legal limit.[1]

The State's case primarily consisted of the testimony of R.P., her boyfriend, and another party guest. The State also elicited the testimony of Officer Manuel Balderrama who recounted a statement that Appellant made in his presence at the hospital. While in a treatment room in the ER, and when engaged in a discussion with a medical technician, Appellant was reported to say: "I ate her out for ten seconds. Then I f---ed her." Officer Balderrama was in the room at the time and turned in disbelief. He looked at Appellant, who then stared at the Officer and began flicking his tongue and blew kisses at him.

---

[1] The urine test used screened for eight classes of drugs. The test did not screen for gamma hydroxybutyrate (GHB), a central-nervous-system depressant sometimes used in sexual assaults, because the lab does not have the necessary testing instruments.

In closing, the State emphasized this testimony to rebut Appellant's claim that there was no proof of penetration. The jury found Appellant guilty of sexual assault and assessed a four year sentence.

**ADMISSIBILTY OF THE STATEMENTS AT THE HOSPITAL**

In his first issue, Appellant complains that the trial court erred in admitting his statement made at the hospital because it was hearsay. Appellant principally briefs the question of whether the medical treatment and diagnosis exception to hearsay as found in TEX.R.EVID. 803(4) was met on this record. That exception allows hearsay statements if they are made for, and are reasonably pertinent to, medical diagnosis and treatment. *Id*.; *Taylor v. State*, 268 S.W.3d 571, 587 (Tex.Crim.App. 2008)(setting forth two-part test for admission of hearsay under the exception). And to be sure, the medical treatment and diagnosis exception was a focus of the admissibility discussion before the trial court.

The State raises two counter-arguments. First, the State contends that Appellant forfeited the issue because the complained of statement, while objected to at one point during the police officer's testimony, came in without objection through the medical technician. Second, the State contends the statement is not hearsay because it is a declaration by a party-opponent. Appellant responds to neither of these arguments through a reply brief. We conclude both arguments by the State are meritorious.

Hearsay is defined as a statement, other than one made by the declarant while testifying at trial or a hearing, offered to prove the truth of the matter asserted. TEX.R.EVID. 801(d). However, a statement is not hearsay if it is offered against a party and is the party's own statement. *Id*. at 801(e)(2)(A). The Court of Criminal Appeals has concluded that Rule 801(e)(2)(A) "plainly and unequivocally states that a criminal defendant's own statements, when

3

being offered against him, are not hearsay." *Trevino v. State*, 991 S.W.2d 849, 853 (Tex.Crim.App. 1999). Such statements "are admissible on the logic that a party is estopped from challenging the fundamental reliability or trustworthiness of his own statements." *Id*. at 853. *Trevino* has been often cited to exclude as hearsay a criminal defendant's own statements. *E.g. Alcala v. State*, 476 S.W.3d 1, 23 (Tex.App.--Corpus Christi 2013, pet ref'd); *Keith v. State*, 384 S.W.3d 452, 459 (Tex.App.--Eastland 2012, pet. ref'd); *Taylor v. State*, 08-02-00250-CR, 2004 WL 258139, at *3 (Tex.App.--El Paso Feb. 12, 2004, pet. ref'd)(not designated for publication).

When a party complains about the admission of hearsay evidence, our role is to decide whether the trial court clearly abused its discretion in allowing the testimony. *Taylor v. State*, 268 S.W.3d 571, 578-79 (Tex.Crim.App. 2008). We consider whether the trial court's decision was so clearly wrong as to lie outside the zone within which reasonable people might disagree. *Id*. Moreover, "[i]f the ruling was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made, then we must uphold the judgment." *Page v. State*, 213 S.W.3d 332, 337 (Tex.Crim.App. 2006), *quoting Sauceda v. State,* 129 S.W.3d 116, 120 (Tex.Crim.App. 2004). Such is the case here. The parties tussled below with the applicability of the medical treatment and diagnosis exception to the hearsay rule. The more pertinent issue, however, is whether the statement is hearsay to begin with. Because the statement at issue came from Appellant himself, and was offered against him, it is not hearsay. It was admissible as a declaration of a party-opponent. Accordingly, we need not reach the questions of which, if any, exceptions to the hearsay rule might apply.

We also agree with the State that even if the statement qualifies as hearsay, any error was not properly preserved. A party must preserve error by making a timely and specific objection.

4

TEX.R.APP.P. 33.1(a); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002); *Peralta v. State*, 338 S.W.3d 598, 609 (Tex.App.--El Paso 2010, no pet.). With two exceptions, a party must continue to object every time inadmissible evidence is offered. *Peralta*, 338 S.W.3d at 609, *citing Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991). The two exceptions require counsel to either (1) obtain a running objection, or (2) request a hearing outside the presence of the jury and object to all of the objectionable evidence on a given subject. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex.Crim.App. 2003); *Ethington*, 819 S.W.2d at 858–59. Evidentiary error is not preserved when the same evidence is admitted elsewhere without objection. *Peralta*, 338 S.W.3d at 609; *Lane v. State*, 151 S.W.3d 188, 192-93 (Tex.Crim.App. 2004).

Here, when Officer Baldarrama was called to the stand, Appellant's counsel asked that the officer be taken on voir dire outside the presence of the jury. After the officer had recited what Appellant had said in the emergency room, Appellant's counsel objected that the statement was an excludable oral statement and its admission would deny Appellant a fair trial under several federal and state constitutional provisions. The trial court overruled the objection. And when the officer first testified to the statement before the jury, Appellant's counsel interposed an additional objection.[2] But when the emergency room technician was called to testify, Appellant's statement came in without objection. Accordingly, we conclude that even if there was error in the admission of the statement, it was cured when the substantially same testimony

---

[2] Appellant further objected that the statement was inadmissible under TEX.CODE CRIM.PROC.ANN. art. 38.22 § 3(a) (West Supp. 2016) which precludes the admission of a defendant's oral statement or confession which is made as a result of a custodial interrogation unless certain safeguards are met. Appellant established that he was not read his *Miranda* warnings at any time before the statement was made and that he was in custody at the time. The record also showed, however, that any questions were posed by the emergency room technician, with no prompting by the officer. The officer was in the room only to ensure that Appellant did not leave the hospital. Because there was no custodial interrogation, Appellant has not raised (nor briefed) any claim that the statement was not voluntarily made. *See Paez v. State*, 681 S.W.2d 34, 35-36 (Tex.Crim.App. 1984)(defendants answers to questions asked by a DHS agent made while in hospital room guarded by police officers were admissible as they were not part of a custodial interrogation).

from another witness came in without objection. *Lane*, 151 S.W.3d at 192-93 (failure to object to statement each time it was elicited from two police officers, a paramedic, and a nurse forfeited the point); *Patterson v. State*, 08-13-00152-CR, 2015 WL 1850899, at *2 (Tex.App.--El Paso Apr. 22, 2015, no pet.)(same testimony that came into evidence through several witnesses, some of which was unobjected to, waived issue). We overrule Issue One.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant next argues that his trial counsel provided ineffective assistance in the following ways: (1) making misstatements of law; (2) engaging in personal attacks; and (3) committing a procedural error in how he pursued a recusal motion. He also claims the cumulative effect of these omissions justify reversal. Under the standards governing ineffective assistance claims, we disagree.

## **Framework for Review**

To prevail on a claim of ineffective assistance of counsel, Appellant must establish by a preponderance of evidence that: (1) his attorney's performance was deficient; and that (2) his attorney's deficient performance deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex.Crim.App. 2005). Appellant must satisfy both *Strickland* components, and the failure to show either deficient performance or prejudice will defeat his ineffectiveness claim. *Perez v. State*, 310 S.W.3d 890, 893 (Tex.Crim.App. 2010); *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex.Crim.App. 2003).

Under the first prong of the *Strickland* test, the attorney's performance must be shown to have fallen below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). Stated otherwise, he must show his counsel's actions do not meet

the objective norms for professional conduct of trial counsel. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). Under the second prong, Appellant must establish that there is a reasonable probability that but for his attorney's deficient performance, the outcome of the case would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2069; *Thompson*, 9 S.W.3d at 812. "Reasonable probability" is that which is "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App. 1998).

A direct appeal is usually an inadequate vehicle for raising an ineffective assistance of counsel claim because the record is generally undeveloped. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005); *Thompson*, 9 S.W.3d at 814, n.6. We presume that the attorney's representation fell within the wide range of reasonable and professional assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001), *citing Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). Ineffective assistance claims must be firmly founded in the record to overcome this presumption. *Thompson*, 9 S.W.3d at 813. When the record is silent and does not provide an explanation for the attorney's conduct, the strong presumption of reasonable assistance is not overcome. *Rylander*, 101 S.W.3d at 110-11 (noting that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective"); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). That leaves for direct appeals only those few situations where counsel's conduct is so outrageous that no competent attorney would have engaged in it. *Goodspeed*, 187 S.W.3d at 392. With these standards in mind, we take up each of Appellant's complaints about his trial counsel.

## Misstatements of Law

Appellant contends that his trial counsel made at least three misstatements of law during the trial. The first occurred after a DNA analyst testified that there was an unknown DNA contributor from R.P.'s vaginal swab. The State's attorney then asked the analyst, in various ways, whether the State had been able to obtain a DNA sample from Appellant for comparison purposes. Appellant's counsel objected, and then moved for a mistrial, claiming the State was attempting to "shift the burden of proof." The trial court sustained one of Appellant's objections, overruled another, and denied the motion for mistrial. Appellant now contends the legal basis for the objection and the motion for mistrial, were "contrary to law." Even if true, however, we fail to see how simply arguing an unsuccessful position falls below the wide range of reasonable and professional assistance.

Trial counsel will often assert arguable objections which do not ultimately carry the day. They might do so for some strategic reason unrelated to the merits of the objection. They might be preserving an issue for later appeal, even if that point must ultimately seek to modify or overturn existing law. Accordingly, simply lodging an objection which is overruled does not demonstrate that counsel failed to provide effective assistance of counsel. In *Ex parte White*, 160 S.W.3d 46, 53 (Tex.Crim.App. 2004), the court held that counsel was not ineffective for failing to object to evidence which was otherwise admissible. Here the converse is also true-- objecting to testimony which Appellant now contends is admissible does not prove an ineffectiveness claim. Nor does Appellant offer any explanation for how pursuing this objection, even if unfounded, was in any way prejudicial to him. To be clear, Appellant's argument is not that some other objection could have been lodged which would have excluded the testimony.

8

Appellant apparently concedes the testimony itself was admissible. We find no *Strickland* prejudice.

Appellant next contends his trial counsel misstated the law on reputational testimony. Appellant called his niece who was at the party and who was friends with R.P. Appellant's trial counsel attempted to solicit from the niece an opinion as to R.P.'s supposed poor reputation for truthfulness in the community. The State objected to the lack of a proper foundation. The best predicate that Appellant's counsel could lay was that the niece had personal dealings with R.P. that led her to question R.P.'s truthfulness (as distinct from the community's perception of her truthfulness). The trial court excluded the opinion. Appellant here does not fault his counsel for failing to lay a proper predicate, but rather for claiming to the trial court that the predicate he laid was sufficient. Again, we fail to see how this claim prejudiced Appellant. There is no indication that a proper predicate could have been laid with this witness. We must presume that counsel made the best showing he could to support the admission of the opinion. Simply urging an unprevailing argument neither proves counsel's ineffectiveness nor that Appellant was prejudiced.

The last misstatement of law urged relates to the charge. Trial counsel asked that the charge include assault as a lesser included offense to sexual assault. The trial court refused the request, based on court of appeals cases holding that assault is not a lesser-included offense for sexual assault. *See Mathis v. State*, 443 S.W.3d 391, 398 (Tex.App.--Austin 2014, no pet.); *Crippen v. State*, 368 S.W.3d 630, 632 (Tex.App.--Eastland 2012, pet. ref'd). But merely asking for a charge submission--here unsuccessfully--does not prove that counsel failed to provide effective assistance. We often see instances of attorneys asking for charge language not currently sanctioned as a predicate for a later appeal to reshape the law. Thus the request might

9

well have been a matter of strategy. When the record lacks evidence of the reasoning behind trial counsel's actions, as it does here, trial counsel's performance cannot be found to be deficient. *Rylander*, 101 S.W.3d at 110-11; *Jackson*, 877 S.W.2d at 771.

We are also puzzled as to how the mere asking for a jury charge submission which is never given prejudiced Appellant. His brief says little more than "[h]ad Appellant's counsel not committed these errors, it is likely that the jury would have returned a verdict of not guilty." A naked assertion of prejudice, however, is insufficient to meet the *Strickland* test. *See Ex parte Parra*, 420 S.W.3d 821, 828 (Tex.Crim.App. 2013)(applicant's conclusory assertion that he had demonstrated prejudice was insufficient to establish prejudice).

### Personal Attacks

Appellant next contends that several personal attacks made by his counsel which were directed at the State's attorney and the trial judge also proved ineffective assistance of counsel. "Unwarranted personal attacks on a lawyer's integrity constitute inappropriate conduct in any court in the state of Texas. Such attacks on opposing counsel in court not only provide a disservice to our citizens, but they are demeaning to our profession and should be condemned." *Garcia v. State*, 943 S.W.2d 215, 217 (Tex.App.--Fort Worth 1997, no pet.). In this case, the State's attorney lodged several objections claiming that Appellant's counsel asked "misleading" questions. When that claim was made, defense counsel responded that "I'm going to object to her saying that I'm trying to mislead people. That's offensive. It's talking about my client over my back." At another instance he stated: "Wait a minute. I don't mislead and I don't confuse." Appellant now contends these responsive statements were themselves attacks on the State's attorneys and were improper (and thus purportedly show counsel's ineffectiveness).

10

In our view, these statements are more a response to a perceived personal attack, than an attack themselves. Appellant's counsel might have viewed it as necessary to respond to an objection which claimed he was misleading the jury. Nothing in these particular statements demonstrates ineffective assistance or prejudice to Appellant. We are somewhat more troubled by defense counsel's comment to the trial judge. When counsel was putting on a bill of exceptions, he began by explaining to the witness the purpose of a bill and the disputed issue being addressed. At that point, the trial court, appropriately in our view, attempted to have counsel simply ask the questions he intended to ask. Appellant's counsel then interrupted the court and stated: "Have you ever seen a bill done before? This is my bill." The trial court responded, "I have absolutely seen a bill done, sir." While we do not condone impertinent comments towards the bench, even during the heat of trial, we see no indication in the record that this single inappropriate comment affected the trial judge's later rulings or handling of the proceedings. The exchange occurred after all but one witness had testified. From our review of the record, the trial court's demeanor and interactions with defense counsel never changed following the comment. Appellant has failed to make the requisite showing of prejudice.

## Recusal Motion

Finally, Appellant contends that his trial counsel was ineffective in asserting a procedurally defective motion to recuse the trial judge. During trial, Appellant's counsel was attempting to admit opinions on R.P.'s reputation for truthfulness and other evidence as to her credibility. Appellant's counsel and the trial judge had a fundamental disagreement about the admissibility of that evidence. After the trial court denied admission of the evidence, Appellant's counsel twice moved for a mistrial. After all the evidence was taken, counsel also orally moved to recuse the trial judge because her evidentiary rulings allegedly showed she could

11

not be fair and impartial. The trial court denied that motion.

On appeal, Appellant contends his trial counsel was ineffective for failing to file a procedurally proper motion to recuse. The rules require a written motion with specific requirements, and no such motion was filed here. TEX.R.CIV.P. 18a, for instance, requires the motion to recuse to be: (1) verified; (2) raise at least one ground set out in Rule 18b; (3) "must not be based solely on the judge's rulings in the case"; and (4) state in particular the facts sufficient to support the motion. These requirements also govern criminal cases. *Arnold v. State*, 853 S.W.2d 543, 544 (Tex.Crim.App. 1993). In turn, TEX.R.CIV.P. 18(b) lists eight specific grounds for recusal. The trial court specifically denied the oral motion here because it did not comply with Rule 18a, nor did it state a proper basis under Rule 18b.

While the oral motion to recuse was procedurally improper, the flaw in Appellant's argument is his failure to show prejudice. He must demonstrate that had a proper motion to recuse been filed, the likely outcome of this case would have been different. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998)(failure to file suppression motion could only indicate ineffectiveness of counsel if the motion is shown to have merit); *Carmen v. State*, 358 S.W.3d 285, 295 (Tex.App.--Houston [1st Dist.] 2011, pet. ref'd)(same); *Hollis v. State*, 219 S.W.3d 446, 456 (Tex.App.--Austin 2007, no pet.)(same); *Montoya v. State*, No. 08-01-00452-CR, 2004 WL 1490184, at *9 (Tex.App.--El Paso July 1, 2004, no pet.)(failure to file a meritless motion to recuse district attorney did not prove ineffective assistance because counsel cannot be faulted for "failing to pursue a futile course").

But in making his argument, Appellant never explains why the motion to recuse was meritorious in the first place. The motion was premised on supposed errors in evidentiary rulings, but Appellant does not claim on appeal that those evidentiary rulings were erroneous. In

one regard, Appellant actually contends that his trial counsel was incorrect in one of his evidentiary objections. On its face, the grounds of the oral motion would also have run afoul of Rule 18a's prohibition that the motion cannot be based on "solely on the judge's rulings in the case." TEX.R.CIV.P. 18a(a)(3). Yet that was in fact the very basis for the motion which counsel asserted.[3] Nor does Appellant suggest any other ground upon which the motion might have been based. Accordingly, we fail to see how the lack of a procedurally proper motion prejudiced Appellant when the underlying merits of the motion were flawed.

Appellant also contends the cumulative effect of these errors requires reversal. And indeed, the cumulative effect of trial court errors when aggregated in their effect can conceivably result in harm. *See Stahl v. State*, 749 S.W.2d 826, 832 (Tex.Crim.App. 1988)(finding harm in the cumulative effect of outbursts and improper arguments). But the sum of many nothings is still nothing and we find the issues raised here were either not errors, or if they were, their cumulative effect fails to require reversal. We overrule Issue Two and affirm the judgment of conviction below.

March 14, 2017

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating

(Do Not Publish)

---

[3] As trial counsel put it:

> And I want to add one other ground to our motion for mistrial, that it is obvious to us that the Court's rulings on evidentiary matters are not based in law. They are based on bias in favor of the State and against the Defendant. I think it's quite evident from your rulings. We don't believe that you can be fair and impartial in this case and should recuse yourself.